**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Jennifer R. Erickson (015045)
jre@jaburgwilk.com

**Jones Skelton & Hochuli, P.L.C.**
2901 N. Central Ave., Suite 800
Phoenix, AZ 85012-2703

Eileen GilBride, Esq. (009220)
egilbride@jshfirm.com

Attorneys for Plaintiff GEICO General Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| GEICO General Insurance Company, | Case No. |
|---|---|
| Plaintiff, | **Complaint For Declaratory Judgment** |
| v. | |
| Gage Tucker, | |
| Defendant. | |

For its Complaint against Defendant Gage Tucker, Plaintiff GEICO General Insurance Company alleges as follows:

1. Plaintiff GEICO General Insurance Company ("GEICO") is a corporation duly organized under the laws of the State of Maryland with its principal place of business in Maryland.

2. Upon information and belief, Defendant Gage Tucker is an individual residing in the State of Arizona, Pinal County.

3. Pursuant to 28 U.S.C. § 1332(a)(1), there exists complete diversity of citizenship among the parties to this action.

4. Further pursuant to 28 U.S.C. § 1332(a), the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5. By virtue of the foregoing, this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332.

6. This action arises out of and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 2201, *et seq*.

8. Venue is proper in this District under 28 U.S.C. § 1391(c).

## COUNT ONE

### (Declaratory Relief)

9. Defendant Gage Tucker is an insured on an automobile policy issued by GEICO, Policy No. 4219293745 (the "Policy"). *See* Policy, attached hereto as **Exhibit "A"**.

10. Defendant is listed on the Policy as an additional insured and upon information and belief is a resident relative of the named insureds on the Policy.

11. The Policy lists, as an insured vehicle, a 2005 Dodge Ram pick-up truck (the "Truck").

12. The Policy includes bodily injury liability coverage of $100,000 per person and $300,000 per occurrence, and underinsured motorist ("UIM") coverage of $100,000 per person and $300,000 per occurrence.

13. On September 27, 2012, the Truck was involved in a single vehicle rollover accident on Arizola Road in Casa Grande, Arizona (the "Accident").

14. The Policy was in effect on September 27, 2012.

15. At the time of the Accident, Ruben Ortega was driving the Truck. Mr. Ortega did not hold a valid driver's license at the time of the Accident.

16. At the time of the Accident, Defendant was a passenger in the back seat of the Truck.

17. As a result of the Accident, Defendant has made a claim of personal injury which includes medical bills in excess of $100,000.

18. Defendant presented a claim against Mr. Ortega under the Policy's third-party liability coverage.

19. GEICO paid the full per person third-party liability limit of $100,000 to the Defendant.

20. Defendant now claims that his personal injury damages were not fully satisfied by the $100,000 payment under the Policy's third-party liability coverage, and has presented a claim under the Policy's UIM coverage for his remaining damages as a result of this single vehicle accident.

21. Defendant claims his uncompensated personal injury damages exceed $75,000.

22. Under the terms of the Policy, an "underinsured motor vehicle" does not include "an insured auto, provided that the insured has received the full amount of the liability coverage under the Bodily Injury Coverage of [the Policy]." *See* Exhibit "A".

23. Under the terms of the Policy, UIM benefits are not applicable unless the sum of all liability policies applicable to the loss are less than the damages the insured is legally entitled to recover from the at fault driver.

24. Payment to Defendant under the UIM coverage would result in stacking of the UIM coverage of the Policy on top of the bodily injury coverage of the Policy. Stacking of the UIM coverage on top of the bodily injury coverage is not allowed under the Policy.

25. Despite the foregoing, Defendant is seeking UIM benefits under the Policy.

26. A controversy has arisen between GEICO and Defendant regarding the obligations of GEICO to Defendant pursuant to the Policy and under the law.

27. Pursuant to 28 U.S.C. §2201, GEICO requests that this Court enter a Declaration regarding its rights and obligations under the Policy, and in particular, with regards to the application of the UIM coverage to Defendant.

WHEREFORE, Plaintiff GEICO General Insurance Company requests that Judgment be entered in its favor and against Defendant Gage Tucker as follows:

 A. For a Declaration from the Court that UIM coverage in the Policy is not applicable and not owed to Defendant;

 B. For reasonable attorney's fees and taxable costs; and

 C. For such other and further relief as the Court may deem just and proper.

DATED this 11th day of October, 2013.

**Jaburg & Wilk, P.C.**

*/s/ Jennifer R. Erickson*
Jennifer R. Erickson
Eileen GilBride
Attorneys for Plaintiff GEICO General Insurance Company