WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEICO General Insurance Company, | No. CV-13-02072-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Gage Tucker, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Summary Judgment and accompanying Statement of Facts. (Docs. 23, 24.) Pursuant to this Court's Order, Defendant's Response is essentially a cross motion for summary judgment in his favor with an accompanying Response to Plaintiff's Statement of Facts and a Statement of Facts on behalf of Defendant. (Docs. 25, 26.)[1] For the following reasons, Plaintiff's Motion for Summary Judgment is denied, and summary judgment is granted in favor of Tucker.

## BACKGROUND

In this action under the Federal Declaratory Judgment Act, GEICO General Insurance Company ("GEICO") seeks a determination of its coverage obligation as to Defendant Gage Tucker. Tucker was injured while riding as a passenger in a truck that had a single-vehicle rollover accident on September 27, 2012. The truck belonged to

---

[1] The requests for oral arguments are denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Tucker's father and was insured with a GEICO policy that covered multiple vehicles. That policy named Tucker's parents as the named insured and listed Tucker as an additional driver. A friend was driving the truck at the time with permission and it is undisputed that he was covered by the policy. Tucker made a third-party liability claim against the driver and received the full $100,000 bodily injury coverage under the GEICO policy on the truck. Because the damages from his injuries allegedly exceed the $100,000 paid, Tucker also seeks payment under his first-party Underinsured Motorist ("UIM") coverage with GEICO on another vehicle. The current dispute is over whether Tucker can receive the combined amounts under these two coverages, or whether that is the kind of "stacking" that GEICO is permitted by statute to limit.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there is no dispute regarding any material facts and the parties agreed that the dispute is a legal question that should be resolved on cross motions for summary judgment.

Where a federal court has jurisdiction by virtue of diversity of citizenship of the parties, the court must follow state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); s*ee also Allstate Ins. Co. v. Ellison*, 757 F.2d 1042, 1044 (9th Cir. 1985) (noting that in declaratory judgment actions involving diversity jurisdiction, "[f]orum state law controls the substantive issues" (citing *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979))).

> In the absence of a [state] supreme court decision on the subject in question, we look to other state-court decisions, well-reasoned decisions from other jurisdictions, and any other available authority to determine the applicable state law. Decisions by the state courts of appeals provide guidance and instruction and are not to be disregarded in the absence of

>       convincing indications that the state supreme court would
>       hold otherwise.

*Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424 (9th Cir. 1991) (citations omitted). Here, the parties agree that Arizona law governs this coverage dispute.

## II.   Summary Judgment

GEICO argues that the language of its policy does not allow recovery of first-party UIM in addition to a third-party bodily injury claim that has already been paid up to the policy limit. The issue is whether that limitation of coverage is permissible under Arizona Revised Statutes ("A.R.S.") § 20-259.01. The Arizona Supreme Court recently explained that:

> Arizona's Uninsured/Underinsured Motorist Act (UMA), A.R.S. § 20–259.01 (2002 & Supp.2011), requires all insurers writing motor vehicle liability policies to also offer underinsured motorist (UIM) coverage that "extends to and covers all persons insured under the policy." § 20–259.01(B). UIM coverage applies when an insured's total damages exceed all applicable liability limits, subject to any valid limitations the insurer imposes. *See* § 20–259.01(G)–(H). But any "exceptions to [UIM] coverage not permitted by the [UMA] are void." *Taylor v. Travelers Indem. Co.*, 198 Ariz. 310, 315 ¶ 13, 9 P.3d 1049, 1054 (2000); *see also Cundiff v. State Farm Mut. Auto. Ins. Co.*, 217 Ariz. 358, 360 ¶ 9, 174 P.3d 270, 272 (2008).

*Am. Family Mut. Ins. Co. v. Sharp*, 229 Ariz. 487, 488, 277 P.3d 192, 193 (2012). Here, GEICO was required to offer the UIM coverage to Tucker. That coverage applies when his damages exceed other liability limits and GEICO can only limit it in ways that the statute allows.

The only exceptions to UIM coverage that are permitted under the statute are those in A.R.S. § 20-259.01(H), which provides that "[i]f multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy or coverage, selected by the insured, shall be applicable to any one accident." *See Sharp*, 229 Ariz. at 491, 277 P.3d at 196. The

1  court in *Sharp* held "that the phrase 'multiple policies or coverages' applies when an
2  insured obtains coverages for several vehicles and then attempts to claim multiple UIM
3  coverages for the same accident." *Id.* The statute does not allow the UIM to be limited
4  based on any other type of coverage including bodily injury. *See id.* As the court noted,
5  "liability insurance is distinct from first-party UIM coverage. . . . An insured who
6  purchased coverage against two separate risks, each of which occurred, generally may
7  recover under both coverages" *Id.* at 492, 277 P.3d at 197.

In *Sharp,* the supreme court considered all of the major Arizona cases that GEICO has raised in this action including cases in which it had allowed a total or partial limitation of UIM coverage. *Id.* at 492–93, 277 P.3d at 197–98 (discussing *Duran v. Hartford Ins. Co.*, 160 Ariz. 223, 772 P.2d 577 (1989) ("*Duran I*"); *Demko v. State Farm Mut. Auto Ins. Co.*, 204 Ariz. 497, 65 P.3d 446 (App. 2003); *Taylor v. The Travelers Indemnity Co. of Am.*, 198 Ariz. 310, 9 P.3d 1049 (2000)).

The issue in this case is how and where Arizona law draws the distinction between UIM claims that may be limited and those that may not be limited. The Arizona Supreme Court has not decided a case in which the facts describe a single policy with coverages for multiple vehicles like the one at issue in this case. In *Duran I* and *Taylor*, the court held that the UIM claims could be denied or limited. Those cases each involved a single policy and there is no indication that more than one vehicle was covered by the policy. In *Duran II* and *Sharp*, it held that the UIM claims could not be denied. Those cases involved multiple insurance policies covering multiple vehicles. The Supreme Court has not explained in these cases whether it is the existence of multiple covered vehicles or of multiple policies that leads to a different result.

However, the Arizona Court of Appeals has addressed this exact issue and held that the distinction under Arizona law is based on the existence of multiple vehicles. *Hoelbl v. GEICO Gen. Ins. Co.*, 1 CA-CV 11-0703, 2012 WL 5589909 (Ariz. Ct. App.

- 4 -

Nov. 15, 2012), *review denied* (Apr. 23, 2013).[2] In *Hoelbl*, a case with similar facts and the same GEICO policy language at issue here, the Court of Appeals held that it did not matter if those multiple vehicles were covered by the same policy or separate policies. *Id.* ("We can discern no basis for holding that the application of *Sharp's* rule hinges on whether the multiple coverages were memorialized in one policy or several policies.").

This Court must look to and consider the guidance and instruction from the Arizona Court of Appeals, and the holding in *Hoelbl* is "not to be disregarded in the absence of convincing indications that the state supreme court would hold otherwise." *See Burns*, 929 F.2d at 1424. Here, there are no convincing indications that the Arizona Supreme Court would hold otherwise. It did not grant review in *Hoelbl*. GEICO argues that the refusal has no precedential value in Arizona. *See Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 297, 697 P.2d 684, 690 (1985). But in the Ninth Circuit, the general rule that intermediate appellate state court's decisions should be followed "is especially true when the supreme court has refused to review the lower court's decision." *State Farm Fire & Cas. Co. v. Abraio*, 874 F.2d 619, 621 (9th Cir. 1989) (citations omitted); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

This Court may also consider "other state-court decisions, well-reasoned decisions

---

[2] Although *Hoelbl* is designated as an unpublished, non-precedential memorandum decision by the Arizona Court of Appeals, this court is required to consider "other state-court decisions . . . and any other available authority to determine the applicable state law." *Burns*, 929 F.2d at 1424. While this Court respects the guidance of the judges of the Arizona Court of Appeals as to which of their decisions should be considered precedential, it appears that the reason the Court did not designate *Hoelbl* for publication was not because it doubted the correctness of its legal determination, but only because it viewed the matter as having been already definitively settled by the Arizona Supreme Court in *Sharp*. (*See* Doc. 26-4.) At any rate, *Burns* apparently encourages this Court to consider the Appeals Court's decisions whether they are published or not. *Burns* particularly emphasizes the usefulness of intermediate courts of appeals in guiding the federal courts understanding of state law issues that have not been directly addressed by the state's supreme court. *Id.* The United States Supreme Court has made it clear that "it is the duty of the [federal courts] in every case to ascertain from all the available data what the state law is and apply it." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

from other jurisdictions, and any other available authority to determine the applicable state law." *See Burns*, 929 F.2d at 1424. GEICO presents other Arizona cases, other state's cases, and policy arguments against the outcome in *Hoelbl*. But, all of these arguments have been adequately addressed by the previous Arizona Supreme Court cases and the *Hoelbl* decision. The Arizona legislature requires insurers to offer UIM and strictly restrains the situations in which that coverage may be limited. *See* A.R.S. § 20–259.01. Consistent with that public policy, Arizona courts "have held that UM and UIM statutes have a remedial purpose and must be construed liberally in favor of coverage, with strict and narrow construction given to offsets and exclusions." *Taylor*, 198 Ariz. at 314, 9 P.3d at 1053. To the extent that there is ambiguity in the Arizona Supreme Court cases, this Court should construe those precedents liberally in favor of coverage. This is particularly true when the Arizona Court of Appeals has already held that the Arizona Supreme Court's most recent opinion requires a construction in favor of coverage in cases like this.[3] (*See Hoelbl*, 1 CA-CV 11-0703, 2012 WL 5589909 *1, ¶ 1.)

GEICO's Motion for Summary is denied, and summary judgment is granted in favor of Tucker. The exclusion that GEICO asserts is not permitted by the statute. GEICO may not limit Tucker's UIM coverage based on the payment of the third-party liability claim, and it is obligated to pay the UIM coverage as provided by the remaining terms of the contract.

### III.     Costs and Attorney's Fees

Tucker asks for an award of costs and reasonable attorney's fees for defending this lawsuit under A.R.S. § 12-341 (authorizing the award of fees to the prevailing party), 12-341.01 (additionally authorizing the award of reasonable attorney fees in contract

---

[3] Tucker argues that this action should be precluded at the outset on estoppel grounds because GEICO already litigated and lost this same argument on similar facts in *Hoelbl*. However, Tucker concedes that there is contradictory case law about whether Arizona would even allow non-mutual collateral estoppel in a case like this. The Court declines to reach this alternate argument by Tucker because *Sharp* and *Hoelbl* provide a sufficient basis on which to grant Tucker's requested relief on the merits.

1  actions). The Arizona Court of Appeals and Supreme Court both granted fees and costs in
2  GEICO's previous unsuccessful litigation of this same theory. (Docs. 26-3, 26-4.) The
3  request for costs and attorney's fees is granted.

4      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment
5  (Doc. 23) is **DENIED**.

6      **IT IS FURTHER ORDERED** that Summary Judgment is granted in favor of
7  Defendant Gage Tucker. The Clerk of the Court is directed to enter judgment accordingly
8  and **TERMINATE** this action.

9      **IT IS FURTHER ORDERED** Tucker's reasonable attorney's fees and costs will
10 be granted upon compliance with LRCiv. 54.2.

11     Dated this 8th day of September, 2014.

*/s/ A. Murray Snow*
_____
G. Murray Snow
United States District Judge